**In the Matter of James Homer MYERS et al., and Ruth Argush Myers, Bankrupts.**

**Bankruptcy No. 78–87 T.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

May 28, 1980.

Albert I. Gordon, Tampa, Fla., for bankrupt.

Lawrence S. Kleinfeld, St. Petersburg, Fla., for trustee.

David Gorman, trustee.

## ORDER ON APPLICATION TO RE–EXAMINE ATTORNEY'S FEES

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration is the reasonableness of the attorney's fees charged and collected by counsel of record from the Bankrupts, James Homer Myers and Ruth Argush Myers. The matter is presented for this Court's consideration by an application filed by the Trustee of the estate pursuant to § 62d of the Bankruptcy Act and Bankruptcy Rule 219.

The controlling facts, as revealed by the record in this case, can be briefly summarized as follows:

On February 24, 1978, the Bankrupts filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. No plan of arrangement was ever filed by the Bankrupts who subsequently consented to adjudication, whereupon an order dismissing the arrangement proceeding and an order of adjudication of bankruptcy was entered on April 20, 1978.

On May 12, 1978, a first meeting of creditors was held at which time David Gorman was appointed to act as Trustee for the estate of the Bankrupts. On May 31, 1979, the Trustee filed an application to re-examine the fee paid by the Bankrupts to their counsel of record, Mr. Albert I. Gordon, the respondent involved in these proceedings.

The application under consideration is directed to the reasonableness of the amount charged and paid by the Bankrupts in contemplation of bankruptcy to wit, the sum of $5,000. It is without dispute that the Bankrupts paid this sum to Mr. Gordon. It is also without dispute that the arrangement ultimately failed and that the total assets now available for the general unsecured creditors will not produce even a minimal sum to pay dividends to the unsecured creditors.

The affidavit submitted by counsel in support of the reasonableness of the fee charged and collected describes the services performed by counsel. According to the affidavit, the services for the most part related to the routine matters attendant to an uncomplicated arrangement proceeding. Counsel points to the fact that at the time the Chapter XI petition was filed, there was a lawsuit pending against the Bankrupts seeking to foreclose an admiralty lien on their shrimp boat and that substantial skill was required to negotiate with the secured creditor. However, a stipulation was entered into between the Bankrupts and the secured creditor and no adversary proceeding was ever instituted by the secured creditor. As noted earlier, no plan of arrangement was ever filed in the Chapter XI proceeding and the record further reveals that no schedules or statement of affairs were filed until after the entry of the Order of Adjudication. Moreover, due to the fact that all meaningful assets in this estate were heavily encumbered, the Bankrupts expectation to effectuate even a modest arrangement proceeding was unrealistic or at least is not very well supported by the hard facts and circumstances of this particular case.

Considering the foregoing, this Court is constrained to conclude that the arrangement appeared to have been doomed to fail almost from the very beginning and the

benefit conferred upon the unsecured creditors by instituting a proceeding under Chapter XI was minimal, if not nil. Even if the creditors ultimately would not have received anything from liquidation since there were no free assets available for liquidation, they would have been better off having resolved the status of their claims at once in the liquidating proceeding rather than being put through the agonizing long process of the arrangement proceeding through the futile attempt of the Debtor to achieve rehabilitation through a Chapter XI proceeding in the hope that they might receive something on their claims which, of course, never materialized.

One of the most thankless and difficult tasks imposed on a bankruptcy court is to determine the reasonableness of the attorneys fees charged by counsel for an insolvent or financially distressed debtor. The measure of reasonableness of fees in an arrangement proceeding is largely tied to the success of the arrangement. Success is, in turn, judged by the benefit conferred on the unsecured creditors and the benefit conferred through the arrangement proceeding to the debtor. Thus, if in a rehabilitation chapter, through the ingenuity and inventiveness of counsel for the debtor, a financially distressed debtor secures a rehabilitation and is able to re-establish itself in business and achieve viability to function as a meaningful and valuable economic unit of society, such efforts are usually generously rewarded. The reward to counsel in a successful arrangement proceeding should also be enhanced if the unsecured creditors, through the efforts of counsel, receive an optimum recovery. In such situations, the Court's desire to permit a generous allowance is tempered only by a consideration of the impact of the allowance on the feasibility of the plan, in the event the plan calls for deferred payments and whether the amount paid to counsel prior to institution of the proceedings detrimentally affects the best interest of the creditors aspect of the plan, which of course, is a statutory condition precedent to confirmation of the arrangement. § 366 of the Bankruptcy Act.

On the other hand, if the arrangement fails, there are entirely different legal principles which govern the determination of the fee allowances. It is now uniformly recognized by all courts that the fee allowance in an aborted relief chapter proceeding should be judged by the same principles which govern the allowance of attorneys fees to the attorney for the bankrupt in a straight or liquidating bankruptcy proceeding. In this connection, one should point out that the attorney for the bankrupt is a favored target of the bankruptcy courts in furthering the principle of economy, which is clearly the hallmark governing the administration of estates of insolvents. Vol. 3A *Colliers on Bankruptcy*, § 62.31; *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1971). As noted by the Court in *In re Orbit Liquor Stores*, 5th Cir., 439 F.2d 1351, the bankruptcy system was designed by Congress for the relief of debtors and not for the relief of attorneys. The courts have consistently voiced a strong admonition against the generosity of insolvent debtors toward their attorneys in the moment of great financial distress.

Considering the foregoing legal principles, it is this Court's considered opinion that the fee charged and collected by counsel of record for the bankrupts is unreasonable under the circumstances, taking into consideration not only the character and the extent of the services rendered by counsel, but also the history and, most importantly, the ultimate outcome of the arrangement proceeding and the size of the free estate available for distribution to the general unsecured creditors, and the amount properly chargeable in this instance should not have exceeded the sum of $2,500. In all fairness, it should be pointed out that, at the outset of the proceeding it is impossible for counsel to foretell with certainty the outcome of the arrangement proceeding, and re-examination of the reasonableness of the fees charged in no way reflects upon the good faith of counsel in determining the initial charge. However, counsel representing debtors in an arrangement proceeding must always keep in mind the possibility

that, if the arrangement fails, then the fee charged may be re-examined in the subsequent bankruptcy proceeding.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the application of the Trustee to re-examine the fees paid to the attorney, Albert I. Gordon, by the bankrupts, James Homer Myers and Ruth Argush Myers be, and the same hereby is, granted and upon re-examination it is

ORDERED, ADJUDGED AND DECREED that the sum of $2,500 be, and the same hereby is, found to be the maximum allowable and reasonable in this case. It is further

ORDERED, ADJUDGED AND DECREED that, unless the excess to wit, the sum of $2,500 is refunded to the estate within fifteen (15) days from the date of the entry of this order, the trustee may file an appropriate pleading to enforce the collection of said sum.